KATHERINE V. MAHONEY *vs.* MARION A. WILSON.

Norfolk.    March 11, 14, 1927. — June 30, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Land Court,* Finding by judge, Rehearing.    *Way,* Private.

Upon an application by the respondent in a petition for the registration of a title in the Land Court for a rehearing, after the affirming by this court on appeal by the respondent of a decree entered by order of the judge establishing the petitioner's title subject to a definite easement in the respondent, the judge, upon granting the rehearing because he was satisfied that the respondent and his counsel had not fully understood the bearing of certain questions put to him by the judge and because decision by the judge that the respondent had selected a certain location for his right of way had been based upon his answers to those questions, it was a proper exercise of discretionary power to limit the scope of the rehearing to the location of a right of way over a definite part of the area and to refuse to consider anew the question whether the respondent had a greater right.

The law is settled that, if the bounds of a way are not located by the deed which creates it, the parties may fix the location upon the servient premises, and, if they do not, a court may do so; in which case questions of fact must be determined by the tribunal which in the circumstances has that duty and its decision will not be disturbed unless unsupported by evidence.

PETITION, filed in the Land Court on January 17, 1924, and afterwards amended, for the registration of the title to certain land on Quincy Shore Drive in Quincy.

The case previously was before this court on an appeal by the respondent from a decision by *Davis,* J., ordering a decree "for the petitioner, subject to a right of way to and from the respondent's lot A and the Quincy Shore Drive as located by the existing steps." The former report and the decree were affirmed, *Wood* v. *Wilson,* 256 Mass. 340.

Further hearings before *Davis,* J., material evidence, and rulings are described in the opinion. The judge found that "all of the evidence shows that for over ten years the usual constant, and well defined method of access between the respondent's bathhouses and other property and the beach has been over the platform and steps at the west, and over

the plank walk way constructed for that purpose between the opening in the boulevard fence and the gap between the tiers of bathhouses. I find that the respondent's appurtenant rights of way have been defined accordingly, and I have had the location of such ways, eight feet wide in each case, placed by the engineer for the court on the filed plan."

The respondent alleged exceptions.

*A. M. Beale,* for the respondent.

*O. C. Boothby,* (*A. G. McVey* with him,) for the petitioner.

WAIT, J. The Land Court, after its decision filed in March, 1925, had been affirmed by this court, *Wood* v. *Wilson,* 256 Mass. 340, granted a rehearing to the respondent. The cause is now before us upon exceptions taken at the rehearing. It is important to decide what was opened to the respondent by the allowance of the motion. The former decision established that the respondent was not the owner of the fee in the land in question, but was entitled to a right of way over the locus, and it fixed the location of the right of way. A motion for a rehearing of the entire matter, based on newly discovered evidence, was denied. Thereafter the respondent asked a rehearing upon the location of the right of way. This was granted, because the trial judge was satisfied that the respondent and her counsel had not fully understood the bearing of certain questions put to her by the court, and because his decision that she had selected a certain location for her right of way had been based upon her answers.

At the rehearing evidence to show that the respondent was entitled to use the entire tract as beach and to walk, wade and swim over all parts of it was excluded. The trial judge limited the rehearing to the location of a right of way over a definite part of the area; and did not consider anew whether she had a greater right. In this there was no error of law. The extent of her right had been determined in earlier proceedings which the court saw no ground for reopening. It had power to refuse to reopen that decision. This court cannot revise its action therein.

It follows that much that has been argued by the respondent is immaterial. We need not consider the effect of the

deed creating the easement. Our attention must be given to deciding whether there is error in the location actually made.

The law is settled that if the bounds of a way are not located by the deed which creates it, the parties may fix the location upon the servient premises, and, if they do not, a court may do so. *Burnham* v. *Mahoney,* 222 Mass. 524. *Kesseler* v. *Bowditch,* 223 Mass. 265. *McKenney* v. *McKenney,* 216 Mass. 248. *Old Colony Street Railway* v. *Phillips,* 207 Mass. 174, 181.

Where the evidence of use is conflicting, questions of fact arise for decision by a jury or by the trial judge as the case may be. That decision will not be disturbed unless unsupported by evidence.

The trial judge gave all the rulings requested by the respondent which were material to the issue before him. We find no error.

*Exceptions overruled.*