(No. 30599.—

PETER POULOS *et al.*, Appellants *vs.* F. H. HILL COMPANY, INC., Appellee.

*Opinion filed September 24, 1948—Rehearing denied Nov. 11, 1948.*

OPLATKA, PAVEK & OPLATKA, and DANIEL D. KAUF-
MAN, (G. A. BURESH, of counsel,) all of Chicago, for
appellants.

RYAN, CONDON & LIVINGSTON, (ROBERT I. LIVINGSTON,
of counsel,) both of Chicago, for appellee.

Mr. CHIEF JUSTICE FULTON delivered the opinion of
the court:

This is an appeal from a decree of the superior court
of Cook County dismissing a bill of complaint seeking to
restrain the appellee from maintaining a fire escape so as
to overhang a lot of appellants, by which decree the appellee
was declared to have a perpetual easement over the lot of
appellants. Inasmuch as the decree declared an easement
and an easement involves a freehold, a direct appeal to this
court is authorized. *Espenscheid* v. *Bauer,* 235 Ill. 172.

It appears from the record, and the master so found,
that the appellants, hereinafter called plaintiffs, were owners
in fee simple, as joint tenants, of property at the southeast
corner of West Randolph Street and North Morgan Street
in the city of Chicago, which will hereafter be called lot 4.
This property was acquired by the plaintiffs by deed in 1945,
pursuant to a contract with their predecessors in title dated

in 1940. The plaintiffs were in possession of this property by lease from 1930 to the date of the contract in 1940. Their predecessors in interest had, some time in the past, improved the property with three, three-story brick buildings facing on Morgan Street, each building having a small service and storage shed in the rear. These buildings were in existence in 1914, but were torn down sometime between 1920 and 1930.

The appellee, hereinafter called defendant, was the owner of the adjoining land facing on North Morgan Street, which property will hereafter be referred to as lot 3. This property was improved in 1886 with a seven-story brick building, still in existence, which was built up to and on the lot line separating lot 4 and lot 3. This building has a setback approximately one and one-half feet deep, on its north side, extending for a considerable portion of the space along the north line of said building, which is the south line of lot 4.

In 1914 a fire escape was placed in the setback, which fire escape extended out over lot 4 for a distance of two feet six inches. This fire escape is anchored to the north wall of the defendant's building and extends east and west a distance of about twenty feet, running from the top of defendant's seven-story building down to within twenty feet above the ground. A hinged stepladder is at the lower end which can be dropped to the ground in case of use and provides steps from the last platform to the ground. There was no evidence of any written or oral contract, agreement or license of any kind between the defendant and the present owners or their predecessors in interest of lot 4, giving permission to defendant to construct or maintain this fire escape so as to overhang the lot line, nor is there any evidence that the fire escape was ever used.

In 1914, and for some period thereafter, there was a private alley existing immediately below the fire escape running from North Morgan Street to the east end of lot 4.

While there is no dedication of this alley as a public alley, the evidence disclosed that delivery trucks and pedestrians used the alley for their own purposes.

Sometime between 1920 and 1937, a fence was built, running from West Randolph Street to the east end of lot 3, which closed off the east end of this alley. In 1931, a year after the plaintiffs took possession of lot 4 under lease, they built a fence running along North Morgan street from the defendant's building on lot 3 to within fifty feet of the corner of Morgan and Randolph Streets; thence east to connect with the fence which had theretofore been built along the east line of lot 4. There was a gate about midway along the front of this fence as it faced on Randolph Street, and the plaintiffs, as tenants, then used the lot for storage, storing boxes and crates and trucks on the property. There was testimony in the record to the effect that the trucks were stored along the south line of lot 4 approximately next to the building of defendant on lot 3. The defendant's fire escape did not interfere with such use of lot 4 for storage purposes and such use of lot 4 did not interfere with the defendant's fire escape.

After purchase of lot 4 in 1945, the plaintiffs desired to erect a garage on the south part of lot 4 and made claim that the continued presence of the fire escape at its present location would interfere with such improvement.

Inasmuch as plaintiffs' building is to be built immediately adjacent to and connecting with defendant's building and is to be built to the height of three stories, they seek to have the fire escape removed.

On May 24, 1946, the plaintiffs served upon the defendant a notice and demand to remove that part of the fire escape overhanging lot 4 and the defendant failed and refused to comply with the request. Suit was filed July 1, 1946.

The master found that the defendant had been in open, notorious, uninterrupted, continuous and exclusive use and

possession of the fire escape in its present location since 1914, and that there was no evidence that the erection or maintenance of the fire escape was by permission or parol license from the owners, and any presumption, which might otherwise be made to that effect, is overcome by the logical inference that defendant had erected and maintained the fire escape in the belief that it had the right to do so. The master thereupon found that the defendant had acquired by prescription an easement over the land to maintain this fire escape. The decree of the court, in substance, approved the master's report.

The decree of the court also provided, in paragraph 9, as follows:

"That the defendant has not acquired, by prescription or otherwise, any right to or interest in the said premises now owned by the plaintiffs except the portion thereof now occupied by said existing fire escape, nor has the defendant acquired any right of ingress and egress over said real estate of plaintiffs, nor any right to the space over said real estate below the fire escape as it now exists; namely, about twenty feet above the ground."

The defendant filed a notice of cross appeal on January 5, 1947, asking that the decree be reversed as to the findings in paragraph 9, which the plaintiffs claim was filed more than five days after the *praecipe* for record had been filed by the plaintiffs and that, therefore, the defendant is not entitled to raise the construction of paragraph 9 on appeal. The cross appeal is not shown in the record filed by plaintiffs but is shown as an additional record.

The contentions of the plaintiffs on appeal are threefold. First, the plaintiffs allege that no presumptions are indulged in for the benefit of the party claiming an easement, the presumption being that the possession of real estate is subservient to the rights of the owner of the record title, and that the burden of proof is upon the defendant claiming the easement by prescription to prove that

he holds the property under the necessary rule of law under a claim of right. Secondly, they aver that in the absence of proof of an adverse claim the presumption is that the use was by permission of the landowner and no prescriptive right can grow out of such use, and that inasmuch as the defendant has not sustained the burden of proof in this regard, the court was in error in finding for the defendant. In connection with this claim they state that the south portion of the plaintiff's lot was vacant and unenclosed at the time the fire escape was first built and that, under these circumstances, land use will be presumed to be by permission and not adverse. Thirdly, the plaintiffs argue that inasmuch as by paragraph 9 of the decree the court found that the defendant had an easement in the twenty feet above the ground which the fire escape occupied but had no right to any space on the ground or right of ingress or egress to the property, the plaintiffs could take possession and fill up the space beneath the bottom level of the fire escape and the ground, which would prevent the defendant from using the fire escape in any fashion and that, therefore, the easement would benefit nothing to the defendant, and equity would require that the easement be done away with, inasmuch as the law would not give sanction to a nuisance which is of no benefit to the user.

The arguments of plaintiffs to sustain these points are to the effect that the burden of proof is upon the party claiming the easement by prescription and that the proof to overcome the presumption in favor of the true owner and to establish adverse possession must be clear, strict, positive and unequivocal; that the possession must be hostile in its inception and so continue and must be acquired and retained under claim of title inconsistent with that of the true owner; that the possession must be adverse, actual, visible, notorious and exclusive, continuous, under claim of ownership or color of title and that these elements must continue for a period of twenty years; that in the absence

of any proof of an adverse claim, the presumption is that the use was by permission of the landowner and no prescriptive right can grow out of such use, no matter how long the use may be continued; that the defendant did not at any time have possession of the real estate over which the fire escape was overhanging; that at the time the fire escape was erected, the south portion of plaintiffs' lot was vacant and unenclosed and the use of vacant, unenclosed and unoccupied land will be presumed to be by permission and not adverse; that the defendant has the burden of proving that it erected its fire escape under claim of right or that it maintained the fire escape under claim of right, and that the defendant has not sustained the burden of proving these factors.

The cases cited by the plaintiffs in support of these contentions are alike in scope and in the language used. By and large, they are concerned with the application and effect of the rules relating to easements and prescriptive rights in land.

In *Illinois Central Railroad Co.* v. *Stewart*, 265 Ill. 35, the railroad condemned land, the result of which was the destruction of a cartway and footpath which had existed for forty years. The land in question was not shown to be other than vacant and unenclosed. We there held that to establish a prescriptive right, the use must be adverse, uninterrupted, exclusive, continuous and under claim of right, and that the use of vacant, unenclosed and unoccupied land will be presumed permissive. An adverse right cannot grow out of a permissive use no matter how long such permissive use remains in existence.

*Parker* v. *Rosenberg*, 317 Ill. 511, involved a proceeding to enjoin the obstruction of a roadway in which the plaintiffs claimed a prescriptive right. There was evidence that discussions had been had between the parties as to permission to use the road. We there held that under the evidence disclosed by the record, no conclusion could be

reached except that the use was not adverse or under claim of right and was permissive. The same principles of law are announced in *Bontz* v. *Stear*, 285 Ill. 599, and *Waller* v. *Hildebrecht*, 295 Ill. 116.

*Lang* v. *Dupuis*, 382 Ill. 101, involved the question of a mutual driveway down the middle of which one of the parties had built a fence. In an injunction suit, we held that equity will restrain interference of enjoyment even if no easement is established by law if it appears that the right to the enjoyment is clear and certain and that injurious interruption is threatened. Whether there was adverse use or permissive use is almost wholly a question of fact. We further stated, after discussing the general rules applying to easement situations, that where the origin of an easement is not shown, there is a presumption of right or grant from the long acquiescence of the owner of the land on which the way is located. Such a presumption is *prima facie* and may be rebutted. We held in that case that where it was determined that a license existed and not an easement, the injunction would be refused even though the expense to the person claiming the adverse right was great. Mere expense is not sufficient to enjoin. In the instant cause there is no evidence as to expense of moving the fire escape nor any urging of a way of necessity. *Boland* v. *Walters*, 346 Ill. 184.

*Town of Kaneville* v. *Meredith*, 351 Ill. 620, involved an injunction suit to restrain the defendants from interfering with the removal of gravel from the land in question. Both parties claimed title from a common source, although there were breaks in the chain of title of each of the parties. The appellee also claimed by adverse possession. We there held that there must be twenty years of continuous and uninterrupted possession and that such possession must be hostile in inception and so continue, and must be visible, exclusive and notorious and retained under claim of title inconsistent with that of the true owner.

Adverse possession cannot be made out by inference or implication, but the presumptions are all in favor of the true owner. Proof as to adversity must be strict, clear, positive and unequivocal. *Monroe* v. *Shrake,* 376 Ill. 253.

In *Jobst* v. *Meyer,* 327 Ill. 423, a decree was given forcing removal of a fire escape and awning overhanging a private alley. We there held that to sustain the contention of the defendants that the alley became public by prescription, there must be something more than mere travel over unenclosed land. The mere fact that the fire escape was approved by the city or that the city maintained traffic control within the confines of the alley did not alter or affect the legal character of the alley.

In *Rose* v. *City of Farmington,* 196 Ill. 226, where an injunction was sought in a case involving an adverse use of a driveway, we said, "To create the presumption of a grant of the right of way, the circumstances attending its use must be such as to make it appear that it was established for the benefit of the claimant, or that it was accompanied by a claim of right, or by such acts as manifested an intention to enjoy it without regard to the wishes of the owners of the land. The use must have been enjoyed under such circumstances as will indicate that it has been claimed as a right, and has not been regarded by the parties merely as a privilege or license, revocable at the pleasure of the owners of the soil."

All of the above cases cited by plaintiffs herein involve the rules of prescription in land cases. In each case this court was confronted with the applicability of the rules giving rise to a prescriptive right in situations involving the rights of user of one party in lands where the legal title was owned by another.

The plaintiffs insist that under the rules in question the defendant must have had exclusive, continuous, adverse or hostile possession of the space over plaintiffs' real estate which the fire escape occupied. They cite the expressions

of this court in *Tanner* v. *Volentine*, 75 Ill. 624, and *Carpenter* v. *Capital Electric Co.* 178 Ill. 29, in the former of which we said, "It is a principle well understood, that the owner of land, unless restrained by covenant or custom, has the complete control of the soil, together with the space above and below, so far as he may choose to use it." The next step in this argument is that if the plaintiffs, by the use and possession of the surface of their lot, have the complete control of the space above, then the defendant, in maintaining the fire escape overhanging said space, could not have had the exclusive, adverse or hostile possession of that space in the air occupied by the fire escape. In support of this argument, they cite *Towle* v. *Quante,* 246 Ill. 568, and *LeSourd* v. *Edwards,* 236 Ill. 169. They finally say that adverse possession cannot be made out by inference or implication where the presumptions are all in favor of the true owner, and the proof to establish it must be strict, clear, positive and unequivocal. *White* v. *Harris,* 206 Ill. 584.

This argument in plaintiffs' brief involves the citation of cases which tried the title to the land itself. In *Towle* v. *Quante, LeSourd* v. *Edwards,* and *White* v. *Harris,* both parties claimed title, one by tax deed, and one as the owner of title of record. All these cases involved the right to the title of the land by reason of possession of the land itself.

The final portion of plaintiffs' argument involves paragraph 9 of the decree. The plaintiffs contend that since paragraph 9 gives only an easement to the defendant in the space beginning twenty feet above the ground, it gives the plaintiffs the right to build their building up to twenty feet above the ground and against the building of defendant on the lot line between lots 3 and 4. They argue that this would deprive the defendant of the use of the fire escape as such and that it would, therefore, have no benefit from its easement. The plaintiffs then say that inasmuch as no benefit is obtained from the easement, it would be in-

equitable to allow the defendant to maintain that easement to the detriment of the plaintiffs. It should be noted, at this time, that the defendant, under its cross appeal, has denied the right of plaintiffs on this particular paragraph of the decree. It is not necessary, therefore, to determine whether or not defendant's cross appeal was a valid one. The point has been raised by plaintiffs in their brief as to the construction of paragraph 9 and that construction will depend upon the determination by this court of whether or not the easement, as found in the decree of the lower court, actually exists.

A study of the cases cited by the plaintiffs and heretofore discussed discloses that all of these cases are concerned with the question of whether or not a prescriptive right exists under the rule in such cases, namely, that to establish a way by prescription the use must be adverse, uninterrupted, exclusive, continuous and under a claim of right for a period of twenty years. The use of vacant and unoccupied land is presumed to be permissive and not adverse, and permissive use can never ripen into prescription no matter how long such permissive use exists. The burden in most cases of establishing the prescriptive right rests on the party pleading it and all elements must be distinctly and clearly proved. It is evident plaintiffs make the claim that the defendant did not hold the fire escape herein under a claim of right, inasmuch as no origin was shown and the land below the fire escape was unfenced.

The main question, under above argument of plaintiffs, is whether or not the defendant established the fire escape and held it under a claim of right for the prescribed period.

Whether there was adverse use of the fire escape under claim of right for a period of twenty years or whether or not the use of the space above and in the land was only permissive is almost wholly a question of fact. (*Rush* v. *Collins*, 366 Ill. 307.) It was held in the case cited that the claim need not be well-founded but need be only a

claim of right and where the way has been used openly, uninterruptedly, continuously and exclusively for more than a period of twenty years, the origin of the way not being shown, and, parenthetically, where the land in origin is not vacant, open and unenclosed, there is a presumption of a right from the long acquiescence of the holder of record title. Such presumption is *prima facie* only and can be rebutted.

The precise question here involved does not appear to have been passed upon by this court. Even the cases cited by the defendant in support of their contention are not squarely in point with the facts of this cause. It is necessary, therefore, to determine whether or not, under the rules already in existence in this State, a decision can be reached using the law as it exists and those rules. We feel this can be done.

The master found, in essence, that the defendant had an easement by prescription under a claim of right and in accordance with the rules of easement as set forth in the cases cited by the plaintiffs herein.

We cannot agree with plaintiffs that, under the facts of this cause, the presumption arises that the origin of the use complained of was permissive. It is to be noted that the presumption as to the permission to use depends upon the use of vacant and unoccupied and unenclosed land. (*Monroe* v. *Shrake*, 376 Ill. 253.) The properties in question were adjacent to each other in a metropolitan area. The evidence in the cause discloses that in 1914, lot 4 was improved with three three-story brick buildings with storage sheds behind, and lot 3 was improved with a seven-story brick building. It is true that there was no fence about the property, but certainly the property was not vacant nor was it unoccupied. As we understand the rule, the property in question must comply with all three requirements and the land not only must be unenclosed, but also must be vacant and unoccupied. It cannot be argued

that in metropolitan properties, a property is vacant and unoccupied when it is improved with apartment houses upon it. In metropolitan areas to require persons to fence property even after they had improved that property with dwellings or buildings would be placing the burden upon them not in accordance with daily custom and usage at this date and age. To hold that the rule applies to metropolitan properties which are improved and which are occupied is stretching the rule beyond its normal meaning. An exception to the general rule, and one which gives rise to a presumption in behalf of the person claiming the easement, is where the origin is in lands which are occupied and tenanted and the adverse use has been open, uninterrupted, continuous and exclusive for more than a period of twenty years with the origin not shown. *Rush* v. *Collins,* 366 Ill. 307.

Even assuming that the property was vacant, unoccupied and unenclosed, we believe the evidence shows that the fire escape was established under claim of right. While all of the witnesses for the plaintiffs testified that the lot in question was used for the parking of trucks and that the trucks were parked on the south portion of said lot, none of them were willing to testify that the trucks or the boxes or crates stored on said property were placed under the fire escape in question. It is true that the plaintiffs have stated that the trucks were placed in that position. It should be noted, however, that the questioning of Hill, the general manager of the defendant company herein, elicited the information that whenever any objects were parked or placed underneath the fire escape he gave orders to have those items moved, and that upon the carrying out of such orders by the employee to whom the order was given, the objects were moved. In *Illinois Central Railroad Co.* v. *Houghton,* 126 Ill. 233, which was an action in ejectment to recover two strips of land, we said, "It need not, however, be under a rightful claim, nor even under a muniment of title. It

is enough that a party takes possession of premises, claiming them as his own, and that he holds possession for the requisite length of time, with the continual assertion of ownership.   [Citation]   It is not essential, however, that there should be proof that the party in possession made oral declarations of claim of title, but it is sufficient if the proof shows that he has so acted as to clearly indicate that he did claim title."   Similar language is found in the case of *Lang* v. *Dupuis,* 382 Ill. 101, cited by the plaintiffs in their brief, and is applicable here.   The objections made by the defendant and the action taken on the basis of those objections, as to interference with the use of the fire escape, are sufficient to bring this case within the decision of *Rose* v. *City of Farmington,* 196 Ill. 226, wherein we stated that to establish a prescriptive right, the use must have been enjoyed under such circumstances as will indicate that it has been claimed as a right, and has not been regarded by the parties as a privilege or license.   The language of these cases is indicative of the situation confronting us.   Since the inception of the fire escape in 1914, the evidence discloses that objections were made to any parking of property beneath the fire escape and that when orders to move were given the items were moved.   In the instant cause this is sufficient to satisfy the rule just quoted and to justify a finding that defendant used the property under claim of right.   The chancellor has found that the defendant herein has satisfied all the provisions of the rules of the cases cited by the plaintiffs, including the provision requiring that the property was held under claim of right. Under the evidence in the cause, the chancellor was justified in so finding and we will not disturb his decision.

It is not necessary to discuss at great length the point made by the plaintiffs in the third portion of their brief to the effect that where the two parties hold possession disseisin will not take place against the true owner by reason of the claim of possession of the holder of color of title.

First, the cases cited by the plaintiffs involve trials of title and do not apply in the instant situation. Secondly, under the view we have taken of the rights of the parties as to the easement, there is no possession on the part of the plaintiffs in the fire escape or the property immediately below.

This brings us to the final point of decision which is a construction of paragraph 9 of the decree of the chancellor. We have noted that regardless of the right of the defendant to present its cross appeal concerning this paragraph, the plaintiffs have argued this point in their brief, and seemingly present it to this court for decision.

It is obvious that if the construction of the paragraph as sought by the plaintiffs is accepted, the defendant has the benefit of user of the fire escape from twenty feet above the ground to the top of the building but has no rights in the ground below nor any right of ingress or egress to such fire escape by reason of the plaintiffs' title to the land. If such decision is adopted the defendant will have the right of use without the benefits of such use. It is also obvious, as the master and chancellor found, that the right of user herein depends upon the use of the property as a fire escape and for such use, alone. It is necessary, under these circumstances, that the right of use for a particular purpose must carry with it all the intendments of such use. The very finding of a prescriptive right to use the space above another's land for a fire escape must carry with it the reasonable conclusion that the space below said fire escape is also a part of the prescriptive right. As we have shown, there was evidence of claim of right by reason of the fact that the defendant herein objected to and demanded that any object parked below the fire escape be moved and that, upon such complaint, the objects were moved. Under these circumstances, we hold that the chancellor's decree should have held that the defendant has a prescriptive right to the fire escape and to that portion of the ground immediately

below the fire escape where the hinged ladder would descend. Questions of further rights of ingress and egress to that ladder over additional space are not raised by the pleadings in this cause. It is therefore necessary to remand this cause to the superior court of Cook County for the purpose of permitting additional pleadings to be filed, and for the purpose of hearing further testimony so that findings of fact can be made upon the issue above suggested.

For the reasons herein, the decree is reversed and the cause remanded to the superior court of Cook County, with directions to proceed in a manner not inconsistent with this opinion.

*Reversed and remanded, with directions.*