**297 P.2d 876**

George MUTZ and Adolph Mutz, Plaintiffs-Appellees,

v.

Robert S. LE SAGE, Defendant-Appellant.
No. 6049.

Supreme Court of New Mexico.
May 28, 1956.

John B. Wright, Raton, for appellant.

Robertson & Skinner, Raton, for appellees.

McCULLOH, District Judge.

Plaintiffs and defendant will be so designated herein as they were in the lower Court.

220

Plaintiffs obtained a declaratory judgment against the defendant holding that the plaintiffs own a right of way easement acquired by prescription over the lands of defendant.

Plaintiffs own a tract of land in Taos County which is reached by a road leading from the highway from Eagle Nest to Red River near the boundary between Colfax and Taos Counties. The portion of the road involved crosses a part of defendant's land in Colfax County.

Defendant is the owner of a large tract of land previously called the Heck Ranch, owned by J. M. Heck and subsequently by his heirs. This tract originally was a part of The Maxwell Land Grant.

The road in question has been in existence and used by various persons for many years. Originally it crossed uninclosed lands, but about 1907 the lands were fenced and gates were placed at the entrance and exit of the road from the highway through a portion of defendant's land.

In 1920 and 1923 plaintiffs' father acquired the land to which the road leads and ever since plaintiffs have used the road in going to and from the land which lies beyond the boundary of defendant's land, a short distance.

The trial court found that the road was not a public road but that plaintiffs had acquired and now own an easement and right of way for vehicles, horseback and foot travel, and for the driving of livestock.

By consent of the plaintiffs, the defendant is allowed to keep the gates locked to the entrance and exit of the road across his land, provided he supplies the plaintiffs with keys to the locks and does not interfere with plaintiffs' use of the road.

The defendant in his first point challenges the sufficiency of the evidence to sustain the trial court's findings that plaintiffs acquired an easement by prescription. He argued strenuously that plaintiffs' use of the road was permissive and therefore was not adverse under a claim of right.

The evidence shows that permission to use the road was never asked by plaintiffs and never expressly given by defendant's predecessors in title. Defendant seeks to imply permission as a result of the rule laid down in Hester v. Sawyers, 41 N.M. 497, 71 P.2d 646, 112 A.L.R. 536, relating to large bodies of uninclosed lands. However the evidence discloses that defendant's land was fenced in 1907 and was not uninclosed in 1920 when plaintiffs began using the road. An incident from which the trial court could conclude plaintiffs' use was adverse under claim of right, occurred in 1924 shortly after plaintiffs acquired their land and began using the road. Defendant's predecessor closed the upper gate on the road, presumably by wiring it shut. One of the plaintiffs went to him about it and told him he would take an axe and chop the gate down. The reply was, "If you take it down, put it back." It is therefore apparent that

there was substantial evidence to support the finding of the trial court that plaintiffs' use was adverse under a claim of right. The other requirements for acquisition of the easement by prescription being conceded, defendant's argument on this ground must fall.

■ Defendant in his brief on the first point also invokes Section 20–2–5, N.M.S.A. 1953 Compilation, requiring corroboration with respect to matters occurring prior to the death of J. M. Heck, a predecessor in defendant's title. This matter was not presented to nor passed upon by the trial court. This Court upon occasions too numerous to require citation of authorities, has insisted upon compliance with Subd. 2 of Rule 20, Supreme Court Rules, requiring that a ruling or decision of the trial court must be fairly invoked to preserve a question for review.

Defendant contends in his second point that a quiet title action brought in 1949 by defendant's predecessor in title foreclosed the plaintiffs' right to use the road in question.

■ The record discloses that plaintiffs and defendant's predecessor were neighbors. The road was well defined and had been used by plaintiffs continuously since about 1920. Defendant and his predecessors had knowledge or were charged with knowledge of plaintiffs' use of the road and of their possible claim to an easement.

Nevertheless the plaintiffs were not named as parties defendant in the quiet title action. Defendant contends that they were made parties under the designation "unknown Claimants of interest in the premises described in the complaint adverse to the plaintiff".

■ The nature and extent of plaintiffs' interest may have been unknown, but the plaintiffs were well known to defendant's predecessor in title. The logical conclusion is that they were not intended to be named as parties defendant in the quiet title action. The decision of the trial court in this regard is correct and is sustained by ample authority. See State ex rel. Swayze v. District Court, 57 N.M. 266, 258 P.2d 377. Where a real owner may be brought into court by name, his property may not be taken by constructive service against unknown claimants. Priest v. Board of Trustees, 16 N.M. 692, 120 P. 894.

■ Defendant next contends in point three that he purchased the Heck tract in good faith without actual or constructive notice and therefore plaintiffs' rights were extinguished. The trial court, based upon substantial evidence, found against him in this connection. The road was well defined, clearly marked and plainly visible. He knew plaintiffs were using the road and failed to make any inquiry concerning their right to do so. Had he done so he could have learned of their claim to the right of way. Under such circumstances he is charged with notice of facts which an inquiry would have disclosed. 41 A.L.R.

1448; 17 Am.Jur. (Eastments), Sec. 131, Page 1019.

Finding no error the judgment of the trial court should be affirmed.

It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.