THE AMERICAN OIL COMPANY *vs.* CARNIG
ALEXANDERIAN & another.

Worcester. September 22, 1958. — November 18, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Adverse Possession and Prescription. Way,* Private: creation, extent.

Facts found by the Land Court upon a petition to register title to a parcel of land bounded westerly by a street, that successive owners of the parcel adjoining the petitioner's parcel on the east, on which adjoining parcel was situated a two story building containing a dwelling and a business establishment, used a strip of the petitioner's parcel between their parcel and the street, mainly by vehicles, for more than twenty years continuously and openly in servicing the building on their parcel, justified conclusions that such use of the strip was under a claim of right and adverse and that they had established a right of way by prescription over the strip. [115]

In a certain decision by the Land Court establishing a right of way for the passage of motor vehicles over land by prescription, there was no error in fixing the width of the way as eight feet. [115]

PETITION, filed in the Land Court on October 24, 1956.

The case was heard by *McPartlin, J.*

*Walter Powers, Jr.,* for the petitioner.

*Harry Zarrow,* for the respondents.

WILLIAMS, J. This is a petition to register the title to a parcel of land situated on the southeasterly corner of

Pleasant Street and Park Avenue in the city of Worcester. The Land Court by its decision has determined that the petitioner is entitled to registration but that the respondents have a right of way by prescription over the southerly portion of the petitioner's land. To so much of the decision as establishes this right of way the petitioner has excepted.

The evidence is not reported and the facts are presented by the findings of the trial judge. It appears therefrom that the parties own adjoining lots of land on Pleasant Street, that of the petitioner being bounded northerly by Pleasant Street and westerly by Park Avenue. It is referred to as lot A. The respondents' lot is east of lot A, bounded also northerly by Pleasant Street, and is referred to as lot B. Prior to October 14, 1930, both lots were owned by one Walter S. Doane. On that date he conveyed lot A to Mexican Petroleum Corporation and then, or shortly thereafter, moved a two story building from that lot to lot B and erected it on the northerly part of lot B facing Pleasant Street. Mexican Petroleum Corporation conveyed lot A to the petitioner on November 1, 1933, and since that time it has been owned by the petitioner and occupied by it or its lessees as a filling station. Doane died in 1944 and his widow, M. Anna Doane, conveyed lot B to the respondents on October 17, 1947. The first floor of the building had been used by Doane for a drugstore and the second floor for his living quarters. Since its acquisition by the respondents they have used the first floor of the building for a cleansing establishment and the second floor as a residence. The building occupies practically the entire frontage of lot B on Pleasant Street. In the rear of the lot is a space of approximately twenty feet extending from the rear of the building to the back or southerly lot line which is a continuance of the back lot line of lot A. South of this line is land used by a market for parking. There is no means of access over lot B to the above described twenty foot space from Pleasant Street except through the building. In 1932 Doane erected a garage in this space about four feet from the southerly line of

his lot and approximately seven and one half feet from the easterly line of lot A. He used a way in from Park Avenue over lot A to the garage until his death. Thereafter the garage was rented by the lessee of the filling station who used it as a repair shop until the purchase of lot B by the respondents in 1947.

Since 1932 Doane, Mrs. Doane and the respondents have openly and continuously travelled daily over a strip along the southerly line of lot A from Park Avenue to the space in the rear of the building on lot B for the delivery of merchandise to the rear of the building on lot B, for the delivery of coal and oil to the building, and for the removal of rubbish and trash therefrom. The use, in the main, was by vehicles. This use was always known to the lessees of the filling station on lot A. The respondents claim a right of way by prescription over this strip of land so used along the southerly portion of lot A between Park Avenue and the space above described.

The judge found that "On all the evidence . . . the respondents have maintained the burden of proving that there has been a use by themselves and their predecessors in title of a way over the southerly part of the petitioner's land and running westerly from the westerly line of the respondents' lot to Park Avenue for a period of more than twenty years, which use is sufficient to establish a right by prescription . . . that the way is located in front of the westerly side of the building on the respondents' lot and shown on the filed plan, which building is a single-car metal garage . . . [and] that the width of the way is eight feet." He ruled "that the petitioner is entitled to a decree registering title to the land described in the petition and shown on the filed plan subject to the right to use a way eight feet in width running from the easterly line of the petitioner's locus from the front of the garage now located on the respondents' property to Park Avenue, which use is appurtenant to the land of the respondents, Carnig Alexanderian and Lucy Alexanderian, and subject to such other matters as are disclosed by the examiner's report and which are not in issue."

The petitioner's contention that the continuous adverse use of the way was broken by the use of the way by the lessee of the filling station from 1944 to 1947 cannot be sustained. The decision is based on the continuous and uninterrupted use of the way for servicing the two story building on lot B.

The petitioner's principal contention is that the use of the way by the Doanes and later by the respondents was not adverse but permissive. It is the settled "rule in Massachusetts . . . that wherever there has been the use of an easement for twenty years unexplained, it will be presumed to be under claim of right and adverse, and will be sufficient to establish title by prescription and to authorize the presumption of a grant unless controlled or explained." *Truc* v. *Field,* 269 Mass. 524, 528–529. *Tucker* v. *Poch,* 321 Mass. 321, 324. *Davenport* v. *Danvers,* 336 Mass. 106, 112. It is plain under this rule that upon the facts found by him the judge was justified in finding that the use of the strip of land was adverse and sufficient to establish a right of way by prescription.

The judge could fix the bounds of the way so as to permit its continued use in the same manner as before. See *Old Colony St. Ry.* v. *Phillips,* 207 Mass. 174, 181; *Mahoney* v. *Wilson,* 260 Mass. 412. His decision that the way should be eight feet wide was a reasonable determination of the width which as a matter of common knowledge was required for the passage of motor vehicles.

*Exceptions overruled.*