378 P.2d 617

Paul SELLERS, Plaintiff-Appellee,

v.

Langdon L. SKARDA, Defendant-Appellant.

No. 7112.

Supreme Court of New Mexico.

Jan. 30, 1963.

————◇————

Smith, Smith & Tharp, Lynell G. Skarda, Clovis, for appellant.

Quinn & Stagner, Clovis, for appellee.

PER CURIAM.

Upon consideration of the motion for rehearing, the original opinion filed herein is withdrawn and the following substituted therefor:

CARMODY, Justice.

Defendant appeals from the judgment awarded against him in a personal injury action, tried without a jury.

The only questions relate to the refusal of the trial court to find contributory negligence and as to the amount of damages awarded.

From the findings of the trial court, it appears that plaintiff was driving on a paved highway, and defendant crossed in front of him while proceeding in a truck from a farm lane to a gravel road on the other side of the highway; that defendant failed to stop or yield the right-of-way; that plaintiff had insufficient time to avoid a collision, and that plaintiff was driving in a reasonable, proper and prudent manner.

The defendant takes issue with the finding that plaintiff was operating his car in a reasonable and prudent manner because it is claimed that plaintiff was intoxicated and, as a result of the habitual use of liquor, mentally and physically unable to operate a motor vehicle with the reflexes required by law and, therefore, was contributory negligent.

■ Without attempting to detail the evidence, the proof would seem to be limited to the fact that plaintiff had an odor of liquor on his breath. Otherwise, defendant would have us conjecture that plaintiff must have been contributorily negligent because there was evidence that he almost daily bought a fifth of whiskey, was on the road leading from his place of supply, and had experienced delirium tremens while in the hospital after the accident. There was a complete lack of testimony that plaintiff was able or unable to drive an automobile on the day in question. The odor of liquor, standing alone, does not of itself prove intoxication. State v. Sisneros, 1938, 42 N.M. 500, at 509–510, 82 P.2d 274, 279; and 9C Blashfield, Cyclopedia of Automobile Law and Practice, page 281. It would have been sheer speculation on the part of the trial court to determine that the plaintiff's general condition was a proximate contributing cause of the accident.

■ Be this as it may, contributory negligence, we have many times held, is a matter for the trier of the facts. White v. Montoya, 1942, 46 N.M. 241, 126 P.2d 471; George v. Jensen, 1946, 49 N.M. 410, 165 P.2d 129; and Lucero v. Harshey, 1946, 50 N.M. 1, 165 P.2d 587.

■ The evidence supporting the findings made by the trial court is substantial, and the findings must be accepted by us.

■ There is, however, another finding which defendant seriously urges is not supported by substantial evidence. The trial court found that the plaintiff was capable of gainful employment. There is little, if any, credible testimony upon which such a finding could be based, and, actually, al-

most all of the proof is to the effect that the plaintiff was not capable of gainful employment for some time prior to the accident, at the time of the occurrence, or at the time of trial. In addition, there is no proof upon which an award of damages could be based, showing a reduction or loss of employability resulting from the accident. We are convinced that there is no substantial evidence to support the finding of the trial court and the court erred in so finding.

The trial court awarded plaintiff, in addition to his medical expenses, the sum of $8,000.00 for pain, suffering and *disability*. In view of what we said, the inclusion of the disability element was improper, and the damage award cannot stand because there is no way to segregate the proper allowance for pain and suffering from the improper item of disability. We do not feel that there is any necessity for a new trial on all the issues, it being only necessary that the trial court determine the amount of damages for pain and suffering. In Baros v. Kazmierczwk, 1961, 68 N.M. 421, 362 P.2d 798, a jury case, we reversed and remanded on the question of damages only, because of the improper inclusion of an unproven element of damages in instructions to the jury. The Baros case is analogous to the one before us, in that the negligence has been determined and the only matter for further consideration is the award of damages. Therefore, because of the error of the court in basing its judgment, in part, on an improper element of damages, the cause must be reversed and remanded to the trial court for the sole purpose of recomputing the damage suffered by the plaintiff, eliminating from such award any amount which may have been granted for disability.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.

COMPTON, C. J., and NOBLE, J., not participating.