417 P.2d 25

Manuel A. SANCHEZ, Plaintiff-Appellee and Cross-Appellant,

v.

DALE BELLAMAH HOMES OF NEW MEXICO, INC., a corporation, Defendant-Appellant and Cross-Appellee.

No. 7757.

Supreme Court of New Mexico.

March 7, 1966.

Rehearings Denied July 11, 1966.

528

, Marron & Houk, Albuquerque, for appellant.

· Seth, Montgomery, Federici & Andrews, · Claude Sena, Santa Fe, for appellee.

'NOBLE, Justice.

Manuel A. Sanchez owns a twenty-acre tract of land at the southerly side of Santa Fe to which the only access was by a meandering dirt road leading from the Albuquerque-Santa Fe highway across vacant land. Dale Bellamah Homes of New Mexico (hereafter termed "Bellamah") bought this vacant tract lying between the Sanchez land and the highway and in the course of its development as a housing project built houses across the access road, effectively closing it to travel. Two jury verdicts were returned against Bellamah, (1) assessing damages for trespass to and removal of dirt from the Sanchez land, and (2) fixing damages for wrongful interference with the access road. Bellamah has appealed from the judgment following the jury verdicts and attacks only the jury's finding that Sanchez had an easement of a roadway for ingress and egress.

A prescriptive right is founded upon a presumption of a grant even though there may never have been one. In addition, a prescriptive right is obtained by use alone and does not depend upon a statute. It is acquired by an open, uninterrupted, peaceable, notorious, adverse use, under a claim of right, continued for a period of ten years with the knowledge or imputed knowledge of the owner. Hester v. Sawyers, 41 N.M. 497, 71 P.2d 646, 112 A.L.R. 536; Castillo v. Tabet Lumber Company, 75 N. M. 492, 406 P.2d 361. Wilson v. Williams,

43 N.M. 173, 87 P.2d 683, as well as Hester and Castillo also settled the rule in this state that the owner is charged with knowledge of an open, adverse, notorious, peaceable, and uninterrupted use from which acquiescence is implied. 2 Thompson on Real Property, 1961 Replacement, §§ 335 and 340.

The question here, as in Hester, is whether the user was adverse under a claim of right or was only permissive. Bellamah contends that absent evidence of a distinct and positive assertion by Sanchez of a right hostile to the owner which was brought home to him by words or acts, the verdict lacks substantial support in the evidence.

The great weight of the decisions hold that proof of an open, notorious, continuous and uninterrupted user for the prescriptive period, without evidence of how it began, raises a presumption that the use was adverse and under a claim of right. LaRue v. Kosich, 66 Ariz. 299, 187 P.2d 642; Trueblood v. Pierce, 116 Colo. 221, 179 P.2d 671, 171 A.L.R. 1270; Sinnett v. Werelus, 83 Idaho 514, 365 P.2d 952; Poulos v. F. H. Hill Co., 401 Ill. 204, 81 N.E.2d 854; American Oil Company v. Alexanderian, 338 Mass. 112, 154 N.E.2d 127; Scott v. Weinheimer, 140 Mont. 554, 374 P.2d 91; Feldman v. Knapp, 196 Or. 453, 250 P.2d 92; Zollinger v. Frank, 110 Utah 514, 175 P.2d 714, 170 A.L.R. 770; Northwest Cities Gas Co. v. Western Fuel Co., 13 Wash.2d 75, 123 P.2d 771. Compare Hunt Land Holding Co. v. Schramm, 121 So.2d 697 (Fla.App.1960). This court in Hester v. Sawyers, supra, firmly established the rule that such proof not only raises the presumption but that when the user has been continued for the prescriptive period, the presumption of a grant is conclusive. See, also, Castillo v. Tabet Lumber Company, supra.

Bellamah concedes that this road has been in existence and traveled at will by Sanchez and others for more than thirty years; that the use has been continuous, open, uninterrupted, peaceable and notorious; but it contends that the way in this case, as in Hester, extends over open and unenclosed land, thus creating an exception to the general rule that such use will be presumed to be adverse and under a claim of right. Hester recognized that a person using a way over large bodies of open and unenclosed lands cannot acquire a permanent right unless his intention to do so was known to the owner or was so plainly apparent from acts that knowledge should be imputed to him. But, the Hester rule was limited in Maestas v. Maestas, 50 N.M. 276, 175 P.2d 1003 and in Castillo v. Tabet Lumber Company, supra, to instances where the use of the way was over "large bodies of unenclosed land * * * where the owners thereof could not reasonably know of passings over said lands." We think the distinction made in Maestas is equally valid in the instant case.

There is evidence that the land over which this road ran was a small tract

near the southerly boundary of the Santa Fe city limits. The road meandered over it from the Albuquerque highway to the Sanchez land, a distance of approximately one-half mile, and some 72 buildings were located within an area varying in radius from three-eighths to one mile. The roadway was well defined and is plainly shown on the U.S. Geological map prepared in 1951. We think that under these circumstances, Bellamah and its predecessors either had knowledge or were charged with knowledge of Sanchez' use of the road and of his possible claim to an easement. They failed to make inquiry which would have revealed his claim to the right of way. Under such circumstances, the owner of the servient tenement is charged with notice of facts which an inquiry would have disclosed. Mutz v. Le Sage, 61 N.M. 219, 297 P.2d 876; Anno. 41 A.L.R. 1442, 1448.

From what has been said, it follows that the judgment appealed from shall be affirmed. In view of our determination of the appeal, it is unnecessary to consider the cross-appeal which only challenges certain instructions.

The judgment appealed from is affirmed.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.

## ON MOTION FOR REHEARING

PER CURIAM.

Except for the following addition to the opinion originally filed, motions of both appellant and appellee on rehearing will be denied.

## OPINION

NOBLE, Justice.

The appellee Sanchez argues in his motion for rehearing that we did not dispose of Point II presented by his cross-appeal. He there asserted error in the trial court's refusal to instruct on the issue of punitive damages, but limited his request for a new trial to one on "the question of punitive damages alone."

Since reviewable questions on rehearing are limited to those presented by the points originally relied upon for reversal, matters authorized by Supreme Court Rule 18(1) and errors asserted in the motion for rehearing. Pitek v. McGuire, 51 N.M. 364, 184 P.2d 647, 1 A.L.R. 2d 830, the issue on cross-appellant's motion for rehearing on the cross-appeal is limited to whether, if the trial court erred in denying submission of the issue of punitive damages to the jury, a new trial should be directed solely on the issue of punitive damages.

We have said that where the issue of damages is separable and distinct from the issues of negligence and proximate cause, and reversal is required because of errors in the amount of damages awarded, and where no error appears as to other issues, a new trial may be limited

to the issue in which the error is present. Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798; Vivian v. Atchison, T. & S. F. Ry., 69 N.M. 6, 363 P.2d 620; Sellers v. Skarda, 71 N.M. 383, 378 P.2d 617; Hanberry v. Fitzgerald, 72 N.M. 383, 384 P.2d 256. However, each of those involved the issue of damages for personal injuries which on appeal were determined to be excessive. We perceive a considerable difference between limiting a retrial to the issue of damages under the facts of those cases and of submitting the issue of punitive or exemplary damages alone. McGarr v. E. V. Schnoor Cigar Co., 125 Kan. 760, 266 P. 73. To warrant an appellate court in directing a new trial limited to the single issue of punitive damages, it must not only appear that the issue of such damages is entirely separate and distinct from that of liability and compensatory damages, Anno. 85 A.L.R.2d 9, §§ 7, 8 and 9, but it must likewise appear that such single issue can be determined without reference to other issues and without prejudice to either party. We have carefully reviewed the record in this case and while exemplary damages are assessed to punish the defendant and not to compensate for a loss by plaintiff, and to that extent they are separate and distinct from compensatory damages, a review of the evidence in this case convinces us that much of the testimony respecting liability and compensatory damages would be necessary to enable a jury to reach a proper verdict as to (1) whether exemplary or punitive damages should be granted, and (2) if granted, the amount thereof.

We therefore conclude that under the facts of this case, it is clear that a new trial on the issue of damages alone could not be had without prejudice to the defendant.

We find the motion for rehearing on the cross-appeal to be without merit and it will be denied.

The judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.