845 P.2d 839

**Richard SILVERSTEIN and Judith Henderson, Plaintiffs–Appellees,**

v.

**William C. BYERS, Charlotte Lorrayne Byers, Charlotte Simms and Paul Byers, Defendants–Appellants.**

**No. 11,975.**

Court of Appeals of New Mexico.

Nov. 6, 1992.

Certiorari Denied Jan. 13, 1993.

Matthew P. Holt, D. Michael Johanson, Sager, Curran, Sturges & Tepper, P.C., Las Cruces, for plaintiffs-appellees.

Robert N. Singer, Mary E. Stewart, Singer, Smith & Williams, P.A., Albuquerque, for defendants-appellants.

## OPINION

CHAVEZ, Judge.

Defendants-appellants Byerses and Simms appeal from a non-jury trial in favor of plaintiffs-appellees Silversteins where the district court found that an easement across the Byerses' property was established by implication, necessity, prescription and use and that an easement across the Simms's property was established by prescription and acquiescence. The issue now presented is whether there was sufficient evidence in support of the trial court's decision. We hold that an easement by prescription exists across both the Byerses' and Simms's properties in favor of the Silversteins and do not address whether an easement exists under the other easement classifications. We affirm.

*Facts*

In 1972, the Silversteins acquired a 160–acre tract of land from Cristino Griego. The Silversteins lived on the property, ei-

ther together or separately, for approximately seven years and thereafter rented the property to tenants.

The Byerses purchased a fenced 320–acre tract in 1977 from Griego. This land was north of, but not adjacent to, the Silversteins' property. Between the Silversteins and the Byerses, running north to south respectively, are a BLM tract, a 160–acre tract purchased by Simms from Rudy Romero in 1986, and another BLM tract.

The subject of this litigation is a rough six-mile dirt road that connects all the properties. This road begins at a county roadway just north of the Byerses' property. It proceeds in a southerly direction through the Byerses' and Simms's properties and ends at the Silversteins' property. This road has existed since at least 1874. The respective deeds of the parties neither expressly grant an easement nor are they expressly burdened by any easement. The Silversteins, however, have used this road as their sole means of ingress and egress between the county road and their property.

After the Byerses purchased their property, they erected gates on the road and, at various times, locked them. The Byerses did not interfere with the Silversteins' use of the road until 1986 when they refused to unlock their gates for the Silversteins' tenants. This was in retaliation for the tenants not closing the gates which resulted in the Byerses' cattle getting out. The Silversteins, however, were provided with a key to the locks.

A section of the road on the Byerses' property crosses a canyon. Between 1978 and 1979, the road was washed out. The road was permanently rerouted around this natural obstruction to a passable portion of the canyon. The new canyon crossing was located approximately one-quarter mile from the washed-out section.

## Discussion

■ The Byerses argue that the trial court's decision is not supported by substantial evidence. On appeal, the trial court's findings will not be reversed if they are supported by substantial evidence; any disputed fact is resolved in favor of the successful party. *Mitchell v. Mitchell*, 104 N.M. 205, 719 P.2d 432 (Ct.App.1986). When considering a substantial evidence claim, evidence is viewed in a light most favorable to the trial court's decision. All evidence and inferences to the contrary are disregarded. *Clovis Nat'l Bank v. Harmon*, 102 N.M. 166, 692 P.2d 1315 (1984); *Tapia v. Panhandle Steel Erectors Co.*, 78 N.M. 86, 428 P.2d 625 (1967). We hold that the trial court's decision is supported by substantial evidence, and therefore affirm.

■ In order for the trial court to find a prescriptive easement, the plaintiff must show that he acquired the easement by a use which was "open, uninterrupted, peaceable, notorious, adverse, under a claim of right, and continue[d] for a period of ten years with the knowledge or imputed knowledge of the owner." *Hester v. Sawyers*, 41 N.M. 497, 504, 71 P.2d 646, 651 (1937); *see also Maloney v. Wreyford*, 111 N.M. 221, 804 P.2d 412 (Ct.App.1990).

■ The standard of review on appeal to a challenge of the trial court's determination that a prescriptive easement exists is whether each element required to establish a prescriptive easement has been proven by clear and convincing evidence. *See Vigil v. Baltzley*, 79 N.M. 659, 448 P.2d 171 (1968); *Maloney v. Wreyford*. The Byerses contend that the Silversteins' use of the road was not uninterrupted, adverse, or peaceable during the alleged prescriptive period. The Silversteins must prove their use was peaceable, open, notorious, adverse, uninterrupted and under a claim of right through 1982, ten years after they purchased their property.

■ We begin our analysis by considering the claim that the Silversteins' use of the road was not peaceable. There is ample evidence that the Silversteins' use was peaceable until 1986 when the Byerses refused to allow the Silversteins' tenants the ability to pass over their property. These events occurred four years after the end of the prescriptive period and are therefore irrelevant.

Appellants next argue that the Silversteins' use was neither open nor notorious. The Silversteins and their tenants lived on the property for more than ten years and the road at issue was their sole means of ingress and egress. To be open and notorious, the use must be of such a nature as to charge the landowner with constructive notice. Jon W. Bruce & James W. Ely, Jr., *The Law of Easements and Licenses in Land* ¶ 5.04 (1988 & Supp. II 1991). It follows that substantial evidence supports the trial court's conclusion that use of the road by the Silversteins was both open and notorious.

In *Hester*, the supreme court stated that:

> [W]here large bodies of privately owned land are open and uninclosed [sic], it is a matter of common knowledge that the owners do not object to persons passing over them for their accommodation and convenience, and ... it would be against reason and justice to hold that a person so using a way over lands could acquire any permanent right, unless his intention to do so was known to the owner, or so plainly apparent from acts that knowledge should be imputed to him.

41 N.M. at 504–05, 71 P.2d at 651. Thus, the Byerses must have had knowledge of the Silversteins' intent to acquire a right of way for a permanent right to come into existence.

The facts of this case indicate that where the Silversteins or their tenants lived on their property from 1972 through 1986, and where the road at issue was the only reasonable means of ingress and egress, and where the Byerses could and did observe the Silversteins' and their tenants' frequent use of the road, the Byerses are imputed with knowledge of the Silversteins' intent to acquire a permanent right of way. *Hester v. Sawyers.*

The Byerses next contend that the Silversteins' right to pass was permissive, and they correctly point out that a right of way by prescription cannot grow out of a strictly permissive use. *Id.* at 504, 71 P.2d at 651. However, in the absence of proof of express permission, the general rule is that the use will be presumed to be adverse under claim of right. *Village of Capitan v. Kaywood,* 96 N.M. 524, 525, 632 P.2d 1162, 1163 (1981); *Sanchez v. Dale Bellamah Homes of New Mexico, Inc.,* 76 N.M. 526, 417 P.2d 25 (1966); *Castillo v. Tabet Lumber Co.,* 75 N.M. 492, 406 P.2d 361 (1965); *Hester v. Sawyers.* Griego testified that he had used the road since 1961, when he purchased the property, and before that time when his father and uncle had owned the land.

Though the Byerses' land was enclosed and gated, there was evidence that it was not for the purpose of keeping the Silversteins from crossing their land, but to prevent their cattle from leaving. The existence of a gate is not conclusive evidence of permission, nor does it prevent a showing of adverse use. *Vigil v. Baltzley; Kondor v. Prose,* 50 Or.App. 55, 622 P.2d 741, 744 (1981); *see* Bruce & Ely, *supra,* ¶ 5.03[2], at 5–16.

The Byerses' gates were not always locked. However, when the gates were locked, the Byerses furnished the Silversteins with a key or unlocked the gates for them. At other times the gates were locked with a "daisy chain" whereby the Silversteins provided their own lock which was linked to the Byerses' and Simms's locks enabling all parties free access through the gates. Providing keys to a locked gate does not prevent the finding of an adverse use under claim of right. *Vigil v. Baltzley.*

Thus, the Silversteins' use of the road was properly presumed to be adverse and under a claim of right. *Hester v. Sawyers; Sanchez v. Dale Bellamah Homes of New Mexico, Inc.*

Between 1978 and 1979, a washout occurred where the road crossed a canyon on the Byerses' property. As a result, the Byerses changed the course of the roadway at the northern end of their property. The new crossing deviated from the original course by approximately one-quarter mile.

The trial court found that though there had been some deviations of the roadway, they were of a minor nature and they did

not create a new road. The Byerses now contend that the new crossing is a "new road" and that the Silversteins' use of the new crossing was tantamount to abandonment of the "old road," thus ending the prescriptive period.

Moreover, we refuse to hold that, as a matter of law, a one-quarter mile deviation necessarily defeats a claim to a prescriptive right.

It is true that a prescriptive easement cannot cross the servient estate generally, but requires a showing of a specific line of travel which has not been subject to material variation. *Vigeant v. Donel Realty Trust*, 130 N.H. 406, 540 A.2d 1243 (1988); *Roberts v. Swim*, 117 Idaho 9, 784 P.2d 339 (Ct.App.1989). "Slight deviation from the accustomed route will not defeat an easement, but substantial changes which break the continuity of the course of travel will destroy the claim to prescriptive rights." *Matthiessen v. Grand*, 92 Cal. App. 504, 268 P. 675 (1928). *See also Hester v. Sawyers;* George W. Thompson, 2 *The Modern Law of Real Property* § 347, at 258–59; *cf. Central Pac. Ry. v. Alameda County*, 284 U.S. 463, 467, 52 S.Ct. 225, 227, 76 L.Ed. 402 (1932) (even on highways established by prescription, slight deviations are not material).

Whether the deviation breaks the continuous use is a fact question initially determined by the trial court and sustained on appeal if supported by substantial evidence. *Moon v. Loller*, 203 Ala. 672, 85 So. 6 (1920); *Jochem v. Kerstiens*, 498 N.E.2d 1241 (Ind.Ct.App.1986). The decision will depend on the topography and other particular facts and circumstances. The California Supreme Court denied the holder of a prescriptive easement in a ditch the right to change its path by twenty feet. *See Vestal v. Young*, 147 Cal. 721, 82 P. 383 (1905); *accord Felsenthal v. Warring*, 40 Cal.App. 119, 180 P. 67 (1919). Where the facts indicated there had been many substantial changes in the course of a road, the trial court's decision recognizing a prescriptive easement was reversed. *See Matthiessen v. Grand.* On the other hand, where there was conflicting evidence on the question of

changes in the course of a road, a California appellate court affirmed the trial court's decision recognizing a prescriptive easement. *See Guerra v. Packard*, 236 Cal.App.2d 272, 46 Cal.Rptr. 25 (1965). In *Guerra*, one witness said that the path of the easement had remained substantially the same; others testified that portions of the road had moved from 150 feet to one-half mile. The trial court judge actually viewed the road and found it had not changed. Finally, where the evidence supported a finding that a deviation was slight, a prescriptive easement has been recognized notwithstanding a deviation of twenty feet. *See also Weigel v. Cooper*, 245 Ark. 912, 436 S.W.2d 85 (1969) ("slight" 10–20 feet deviation not sufficient to destroy prescriptive claim); M.L. Cross, *Annotation, Acquisition of Right of Way by Prescription as Affected by Change of Location or Deviation During Prescriptive Period*, 143 A.L.R. 1402 (1943); *Murff v. Dreeben*, 127 S.W.2d 577 (Tex.Civ.App. 1939) (holding a 20 foot change in course to be only a slight deviation); *Kendall–Smith Co. v. Lancaster County*, 84 Neb. 654, 121 N.W. 960 (1909) (same).

Another factor that the courts have taken into account is the conduct of the owner of the servient estate. "[A] slight divergence would not defeat such a right, especially so, where such slight divergency was not the voluntary act of the preemptor, but due to force of circumstances beyond his control, and the result of acts and conduct of the adverse party." *Murff v. Dreeben*, 127 S.W.2d at 581; *see also Leonard v. Hart*, 2 A. 36 (N.J.1885) (a change in the location of a way for the benefit of the owner of lands is not an interruption in the use of the way).

The teaching of these cases is that a number of circumstances must be taken into account. The relevant circumstances include the extent of the deviation and the reason for it. New Mexico possesses vast areas of land where, as in this case, ranch roads run for miles obstructed only by the occasional gate and the forces of nature. Here, a deviation of only a few feet would not have remedied the destruc-

tion of the crossing due to the size of the canyon and the extent of the washout. While a mudhole may require a deviation of only a few feet, it is not inconceivable that a washed-out canyon crossing would require a one-quarter mile relocation. Griego testified that he knew of five different times when crossings over this canyon had to be rebuilt due to washouts and erosion. We hold that taking into consideration both the nature and size of the properties and the use and length of the road, the deviation neither created a new road nor interrupted the prescriptive period.

### Simms's Claim

Simms purchased her property from Romero in 1986, four years after the prescriptive period ended. Thus, the Silversteins' initially presumptive easement over Simms's land was already a conclusive grant at the time of Simms's purchase. *Sanchez,* 76 N.M. at 529, 417 P.2d at 27; *Castillo v. Tabet Lumber Co.; Hester v. Sawyers.*

### Conclusion

As there is sufficient evidence for finding an easement by prescription, we need not address the other easement theories raised by plaintiffs-appellees. We have examined the record and determined that the findings are substantially supported and we will not disturb them.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

MINZNER and BLACK, JJ., concur.