Hillsborough,
No. 4995.

Milton E. Elliott

*v.*

Gordon M. Ferguson.

Argued December 5, 1961.

Decided January 29, 1962.

26

*Wyman, Bean & Tefft (Mr. Wyman* orally), for the plaintiff.

*Tiffany & Osborne (Mr. Tiffany* orally), for the defendant.

BLANDIN, J. The fundamental question posed by the agreed facts is whether the plaintiff has a right of way of necessity across the defendant's land.

The law in this state is in accord with what we consider the more sensible rule that reasonable necessity is required to create a presumption of an implied grant of a way of necessity. See *Goudie* v. *Fisher,* 79 N. H. 424, 425; *Farmington Library Association* v. *Trafton,* 84 N. H. 29, 31. In support of this rule, see also 28 C.J.S., Easements, s. 35(b); 3 Tiffany, Real Property (3d *ed.*) s. 794, *p.* 293. This principle is consistent with the tenor of our law which stresses the rule of reasonableness rather than of rigidity. *Sakansky* v. *Wein,* 86 N. H. 337, 339; *Bean* v. *Dow,* 84 N. H. 464, 469.

However, since the doctrine rests upon the theory of an implied grant, the circumstances surrounding the transaction are controlling and they must be such as to raise a "reasonable implication of right granted." *Bean* v. *Dow, supra,* 469. The question before us here is whether the situation was such that the parties "could not in reason have understood . . . otherwise" than that the right of way which the plaintiff claims was granted. *Id.,* 470.

Applying this test to the agreed facts, it appears that the land has never been used for anything but a summer camp, and there is no "persuasive evidence" that either the plaintiff or his predecessor ever reached the property by means other than by crossing the lake. The parties agree that the plaintiff had an undisclosed intention to build a year-round home when he purchased the lot some seven years after it was first severed from the larger tract. Obviously this cannot lend weight to the argument that his predecessor Dodge and Dodge's grantor had previously by implication intended a grant of a right of way sufficient to support the needs of such a home.

In conclusion, the burden was upon the plaintiff to establish his claim. Without detailing the facts hereinbefore stated, it seems apparent that we cannot hold on the record before us that he has sustained that burden.

The order is

*Petition dismissed.*

All concurred.