Rockingham,
No. 4903.

PRISCILLA C. HAYES *v.* RHODA C. MOREAU.

Submitted March 7, 1962.

Decided May 1, 1962.

*Fuller, Flynn & Riordan* for the plaintiff.

*Boynton, Waldron & Dill* for the defendant.

WHEELER, J. The plaintiff acquired title to the property in question, Lot #1 of a subdivision of the Nellie E. Lowe estate with the building thereon, by deed from the defendant dated March 7, 1953. At the time of this conveyance the water and sewer pipes servicing the buildings on this lot extended across Lot #6 of the same subdivision, then owned by a third party, and were connected with mains on Elwyn Avenue. In the process of excavating for a dwelling in 1956, the owner of Lot #6 discovered these pipes and demanded their removal. The plaintiff complied with this demand and had connections made with mains on McNabb Court at a cost of $252.08 thereby obviating the crossing of these pipes over Lot #6. The Trial Court rendered a verdict in her favor for that amount plus interest.

The defendant acquired title to Lot #1 from the administratrix of the Nellie E. Lowe estate on December 12, 1951. There was no mention in this deed of an easement over Lot #6 for the maintenance of water and sewer pipes from the dwelling on Lot #1. The conveyance of Lot #1 to the defendant was the first out of the tract owned by the decedent. Lot #6 was conveyed July 3, 1952 "subject to existing sewer and water privileges." While all of this tract was in the common ownership of Nellie Lowe or her estate no easement could arise as an owner cannot have an easement over his own land independent of his ownership of it. *DeRochemont* v. *Railroad,* 64 N. H. 500.

The question therefore is whether such an easement was conveyed

by implied grant in the conveyance of Lot #1 by the administratrix of the Lowe estate to the defendant. The majority rule appears to be that where during unity of title the owner imposes an apparently permanent and obvious servitude on one tenement in favor of another, which at the time of severance of title is in use and is reasonably necessary for the fair enjoyment of the tenement to which such use is beneficial, then upon a severance of ownership a grant of the "dominant tenement" includes by implication the right to continue such use. *Romanchuk* v. *Plotkin*, 215 Minn. 156; *Frantz* v. *Collins*, 21 Ill. 2d 446; *Lewis* v. *Scroggins*, 184 Kan. 684; 3 Tiffany, Real Property (3d *ed.*) s. 781. In the recent case of *Elliott* v. *Ferguson*, 104 N. H. 25, we characterized as "the more sensible" the rule that a reasonable necessity creates a presumption of such an implied grant. See also, *Cotter* v. *Cotter*, 103 N. H. 551; *Spaulding* v. *Clark*, 104 N. H. 30.

"However, since the doctrine rests upon the theory of an implied grant, the circumstances surrounding the transaction are controlling and they must be such as to raise a 'reasonable implication of right granted.'" The right is granted or reserved because the parties so agreed. *Elliott* v. *Ferguson, supra.*

The agreed statement filed by the parties in this case states that when the defendant obtained her deed to Lot #1 from the Lowe estate in 1951 "the sewer and water lines servicing Lot #1 extended across #6 and connected with the Elwyn Avenue water and sewer mains, and further that this situation existed prior to 1934 and continuously from 1934 to May of 1956." Furthermore when the Lowe estate conveyed Lot #6, about nine months after the conveyance of Lot #1 to the defendant, it was conveyed "subject to existing sewer and water privileges."

We are of the opinion that the situation was such that the parties "could not in reason have understood otherwise than that" such an easement was granted to the defendant. *Elliott* v. *Ferguson*, 104 N. H. 25; 3 Tiffany, Real Property (3d *ed.*) ss. 779-782. Such an easement was appurtenant to Lot #1 and passed to the plaintiff by the deed she received from the defendant. *Spaulding* v. *Abbot*, 55 N. H. 423, 427; *Jasper* v. *Worcester Spinning & Finishing Co.*, 318 Mass. 752, 756; Restatement, Property, s. 487; 16 Am. Jur., Deeds, s. 293, p. 603. The Trial Court's ruling that the defendant did not convey to the plaintiff an easement to maintain water and sewer pipes through Lot #6 is set aside.

Defendant's deed having conveyed to the plaintiff not only the

pipes on Lot #6 (*Automatic Sprinkler Corp.* v. *Marston,* 94 N. H. 375), as correctly ruled by the Trial Court, but also an easement to maintain them across said lot, a voluntary abandonment by the plaintiff of such an easement does not make the defendant liable for a breach of warranty against encumbrances.

The order must be

*Judgment for the defendant.*

All concurred.