Carroll
No. 6376

RUTH V. LYONS v. GEORGE W. ROBERTS & a.

February 28, 1973

*Cooper, Hall & Walker* and *Malcolm R. McNeil, Jr.* (*Mr. McNeil* orally) for the plaintiff.

*Peter G. Hastings*, for the defendant Roberts, filed no brief.

*Hall, Morse, Gallagher & Anderson* (*Mr. Charles T. Gallagher* orally) for defendants Anthony S. Velardo and Julia A. Velardo.

LAMPRON, J. Petition by Ruth V. Lyons seeking: (1) an order restraining the defendant George W. Roberts from using a roadway located easterly of her residence in Tamworth; and (2) a decree that the right of way claimed by Roberts under a deed from their common grantor, Eva M. Roberts, is situated on a portion of plaintiff's land westerly of her house and continues across land owned by the defendants Anthony S. Velardo and Julia A. Velardo to the Fowler Mill Road, a public highway. Both of these roads extend roughly northerly from different points on the Fowler Mill Road and eventually join in a single way, which all parties agree is the Paugus Mill Road, that leads to an abandoned lumber mill site.

Hearing, with a view, before *Amos N. Blandin, Jr.*, judicial referee, who after making findings of facts and rulings of law issued a decree in favor of the plaintiff. Exceptions of the defendants to the denial of their motions to dismiss were

reserved and transferred by the referee with the approval of *Keller,* C. J.

Eva Roberts, the common grantor, in her conveyances to the plaintiff Lyons in 1935, and to defendant Roberts in 1939, referred to a right of way in the "Paugus Road". Her conveyance to plaintiff was made subject to such rights as the public or landowners may have to pass over and along it. She also reserved for the owners of a retained parcel of woodland a right of way to connect with said Paugus Road. Eva thereafter conveyed to the defendant Roberts the woodland along with the reserved right of way. The present dispute arises from the fact that at the time of these conveyances there were two roads called "Paugus Road" which lay, one wholly and the other partly, on the properties in question.

Plaintiff Lyons maintains that the Paugus Road referred to in the above deeds is located westerly of her residence and runs from the Fowler Mill Road northerly across land of defendants Velardo and then across her premises to join with the Old Paugus Mill Road which all parties agree leads to the site of an old lumber mill. This Paugus Road was referred to by the referee as the Lyons Road.

Defendant Roberts claims that the "Paugus Road" referred to in Eva's conveyances to the plaintiff and to himself is located easterly of the Lyons house and runs from another point on the Fowler Mill Road northerly across the Lyons land to join with the Old Paugus Mill Road. This road was called by the referee the Roberts Road.

There was evidence that the two Paugus Roads in controversy were used to reach a lumber mill which operated from 1912-13 to the early twenties. There was also evidence as to the nature of the uses made of each of these roads over the intervening years to the time of the hearing. On the evidence before him, including various exhibits as well as a view, the referee found and ruled that when Eva Roberts referred to "Paugus Road" in her deeds she meant the road westerly of the Lyons residence which goes from the Fowler Mill Road over the Velardo property and across the Lyons property to the Old Paugus Mill Road, that is, the so-called Lyons Road.

As an introduction to his findings, the referee, made the

following statement: "The ambiguities and contradictions in the numerous deeds, the obscurities resulting from lapse of time, and the conflicts arising from the naturally colored thinking of the parties and witnesses make the findings of facts unusually difficult." We agree, but are of the opinion that the record is dominated by two factors — one a principle of law, the other the language in Eva's deeds — which militate against the conclusion reached by the referee.

The first is the well-established rule of law that "a person cannot create an easement in another's land". 3 Tiffany, Real Property § 790 (3rd ed. 1939). It follows that Eva Roberts could not grant or reserve expressly or by implication a right of way over land now owned by the Velardos when she did not own it. 25 Am. Jur. 2d *Easements and Licenses* §§ 17, 20, 21, 24 (1966); 3 Powell, Real Property § 441 (1970). Some grant of an easement or some unity of ownership in the two parcels must have existed at some time to enable Eva Roberts to grant to defendant Roberts a right of way which passes over the land of the Velardos, strangers to her title, to reach the public highway, as required by the findings of the referee. *See Hayes v. Moreau,* 104 N.H. 124, 126, 180 A.2d 438, 439 (1962). There is no evidence in the record that the plaintiff Lyons' property and that of the defendants Velardo ever had a common owner. It is to be noted that the "Paugus Road" claimed by defendant Roberts reaches the highway by crossing the Lyons premises only.

An examination of the language in the deeds of Eva Roberts to the plaintiff Lyons and to the defendant Roberts also leads to the conclusion that the road over the Velardo property was not the "Paugus Road" intended by her deeds. Her deed to the plaintiff conveyed "the herein granted premises ... subject, however, to such rights as the public or landowners may have to pass over and along the 'Paugus Road' located upon said premises" and reserved a woodlot with "the right to pass and repass over and across *the herein granted premises* along a way ... to connect with said 'Paugus Road' and thence to the highway". (Emphasis added). Eva later conveyed to defendant Roberts this reserved woodlot and right of way.

We hold that the language of these deeds, interpreted in the light of the legal principle hereinabove stated, must lead

to the conclusion that the Paugus Road described by Eva was not intended to be the right of way westerly of the Lyons residence, which goes across the Lyons and Velardo properties to the highway, as claimed by the plaintiff. Rather, it was the right of way easterly of the residence, which crosses only the Lyons property to reach the highway as claimed by defendant Roberts. The motions to dismiss made by the defendants should have been granted. The decree is set aside.

*Judgment for the defendants.*

GRIMES, J., did not sit; the others concurred.