Cheshire
No. 6960

PLASTIC LAMINATED PRODUCTS, INC.

v.

ARTHUR SEPPALA

January 31, 1975

*Goodnow, Arwe, Ayer & Prigge* and *Eric R. Gardner (Mr. Gardner* orally) for the plaintiff.

*Leonard, Prunier & Mazerolle* and *William J. Groff (Mr. Groff* orally) for the defendant.

DUNCAN, J. This action in equity was brought to establish a right of way by necessity, and to recover damages. The case was submitted to the Court, *Loughlin,* J., upon an agreed statement of facts. The defendant by his answer sought dismissal of the petition, and at the time of hearing moved for rescission of the sale to the plaintiff of the land in question on the ground of mutual mistake of fact. Following the hearing, the plaintiff moved for a decree in accordance with its petition, and in the alternative, "in the event the Court finds that the parties' contract must be rescinded . . . that it be allowed to present limited testimony as to the issue of damages", the motion having alleged expenses incurred by the plaintiff pertinent to the defendant's claim for rescission.

The agreed statement of facts discloses that in 1972 the plain-

tiff purchased a portion of the defendant's land in Rindge, consisting of eleven and one half acres. As conveyed the tract was bounded by "Grassy Pond", land of third persons, and land retained by the defendant which fronted in part upon Cathedral Road, and in part upon North Road. To provide access to the land conveyed, the deed to the plaintiff provided for a fifty by two hundred and fifty-foot right of way from Cathedral Road, running along the easterly edge of land retained by the defendant, at a distance of one hundred and fifty feet from his home. At the time of conveyance, neither party was aware that Cathedral Road was a limited access highway. RSA 236:1. In consequence the plaintiff was unable to obtain access to and from its property over the right of way, and it was agreed that it had no access elsewhere.

By its petition the plaintiff sought to require the defendant to grant an alternative right of way to North Road, a nonlimited access highway, which right of way would border the westerly edge of defendant's land, at a distance of fifty feet or less from the defendant's house. The defendant's motion for rescission of the sale alleged that the granting of any way over his land other than that originally conveyed would cause him undue hardship, and sought rescission on the ground of mutual mistake.

The trial court entered a decree rescinding the contract on the ground of mutual mistake, and ordering the purchase price repaid to the plaintiff. The plaintiff thereafter seasonably moved to vacate the decree, upon the ground that since the contract would have been specifically enforceable against the defendant, the defendant was not entitled to the relief of rescission. *See Newton v. Tolles*, 66 N.H. 136, 138, 19 A. 1092, 1093 (1889). The plaintiff's exception to the denial of its motion to vacate the decree was reserved and transferred.

Although the trial court made no express finding or ruling on the issue of the plaintiff's right to a way by necessity, the ruling that it was not entitled to such a way was plainly implied by the denial of such relief. By their agreed statement of facts both parties conceded that the right of way to Cathedral Road was presently useless and that the plaintiff had no effective way to use and enjoy its property. Hence the reasonable necessity for a right of way for the plaintiff was evident. *Elliott v. Ferguson*, 104 N.H. 25, 177 A.2d 387 (1962). Necessity alone, however, is not conclusive. As the findings and rulings of the trial court made clear, a right of way by necessity is founded upon a presumption of an

implied grant. *Id; Ellis v. Association,* 69 N.H. 385, 387, 41 A. 856, 857 (1898). "The circumstances surrounding the transaction are controlling and they must be such as to raise a 'reasonable implication of right granted'". *Elliott v. Ferguson, supra* at 28, 177 A.2d at 389; *Bean v. Dow,* 84 N.H. 464, 469, 152 A. 609, 611 (1930).

In the case before us the defendant undertook to provide a right of way by express grant which proved to be ineffective through no fault of the parties. Since the doctrine of a way by necessity is founded upon a theory of implied grant, the court could properly find that defendant's express grant precluded implication that some other way should be available. *See* 3 R. Powell, Real Property § 410 (1973); 3 H. Tiffany, Real Property § 793 (3d ed. 1939). The court's decree implies a finding that equity did not require that the defendant provide an alternative way connecting with North Road when the way to Cathedral Road failed to provide access. Such a finding is supported by the record and should not be disturbed. *Eichel v. Payeur,* 107 N.H. 194, 196, 219 A.2d 287, 288 (1966); *Streeter v. New England Box Co.,* 106 N.H. 146, 148, 207 A.2d 423, 424 (1965).

The second issue raised by the plaintiff's exception is whether, assuming the plaintiff is not entitled to affirmative relief, it was proper to order rescission of the sale, thus depriving plaintiff of all benefit of its purchase. It is clear that to warrant rescission the mistake complained of must "affect the substance of the contract and be more than a mere incident of the agreement". 13 Am. Jur. 2d *Cancellation of Instruments* § 31, at 523 (1964); 3 J. Pomeroy, Equity Jurisprudence § 856, at 334 (5th ed. 1941); 1 H. Black, Rescission and Cancellation § 134 (2d ed. 1929). The test of materiality entails such considerations as whether the mistake altered the conduct of the parties so that but for the mistake the parties would not have executed the instrument involved. J. Pomeroy, *supra* at 334-36. "The fact that the parties were justifiably ignorant . . . does not alone show that the mistake was in respect to a material matter. Whether it was or not depends upon the intention of the parties in making the contract." *McIsaac v. McMurray,* 77 N.H. 466, 472-73, 93 A. 115, 118-19 (1915).

The agreed statement furnishes no evidence that a right of access for the plaintiff purchaser was a material element from the defendant's standpoint. At oral argument the defendant asserted that the granting of an effective right of way was an essential element of the contract because of his purpose to insure early

development of the land conveyed, presumably in the expectation of increased value of the land retained. However the absence of evidence of such a purpose, leaves the defendant's claim of a right of rescission without support in the record. Furthermore, entry of the decree erroneously deprived the plaintiff of an opportunity to show what conditions were required to restore the plaintiff to the status quo. *Barber v. Somers,* 102 N.H. 38, 150 A.2d 408 (1959). "The party who is hurt by the mistake can swallow his hurt and enforce the contract. He has the option between total rescission and total performance." 3 A. Corbin, Contracts § 611 (1960). Since the plaintiff opposes rescission even though the defendant is not required to supply an alternative right of way, the order for rescission was without foundation in the record.

*Plaintiff's exception sustained;*
*decree vacated; petition denied.*

All concurred.