Grafton
No. 80-432

JACK L. BRADLEY

v.

JOHN PATTERSON, JR., & a.

September 16, 1981

*Nighswander, Lord, Martin & KillKelley*, of Laconia (*James L. Burke* on the brief and orally), for the plaintiff.

*Murphy & Foley P.A.*, of Plymouth (*Edwin W. Kelly* on the brief and orally), for the defendants.

KING, C.J.   The plaintiff appeals from a decree of the superior court ruling that he does not have an easement by necessity over the land of the defendants. We affirm.

George P. Cook, the owner of a farm in Rumney, New Hampshire, died in 1912, leaving his undivided estate to his heirs. The farm has at all times been bordered on the north by Highway 25, a public way, and on the three remaining sides by the land of private owners, not parties to this proceeding.

In 1917, the heirs to the Cook estate divided the farm roughly in half and conveyed the northern part abutting Highway 25 to F. W. Roberts. The heirs conveyed the "landlocked" southern portion of the farm to Joel and James Wright. Since the division of the farm, the two lots always have been owned by separate parties, and the chains of title are completely separate from one another.

At trial, the plaintiff claimed that, as owner of the landlocked parcel, he is entitled to an easement by necessity across the land of the defendants. The right-of-way sought by the plaintiff remains on the defendants' land for most of its length but crosses at one point onto the land of an abutting landowner, Nina Switzer, who is not a party to this action. The claimed right-of-way deviates from the defendants' land over the Switzer land for a short distance in order to by-pass a mountain which impedes direct access to the highway. Because of the location of the mountain, it is nearly physically impossible to have access to the highway entirely over the defendants' property.

The Superior Court (*Johnson*, J.) denied the plaintiff's claim that he owned an easement over the defendants' property. The plaintiff appeals from that ruling on the ground that the court relied on certain factual findings that bear no relation to the primary issue in the case.

■■   Easements by necessity arise from the implied intent of the parties. *See Plastic Laminated Prods., Inc. v. Seppala*, 115 N.H. 22, 23–24, 332 A.2d 185, 186 (1975); *Elliott v. Ferguson*, 104 N.H. 25, 28, 177 A.2d 387, 389 (1962). Necessity alone is insufficient to create an easement. *Plastic Laminated Prods., Inc. v. Seppala*,

*supra* at 23, 332 A.2d at 186. Rather, the surrounding circumstances must be examined to determine whether they will support the conclusion that the parties intended to create an easement. *Elliott v. Ferguson, supra* at 28, 177 A.2d at 389. Therefore, the issues before the trial court were whether the circumstances surrounding the division of the farm and the sale of the two lots demonstrated that reasonable necessity to cross the defendants' land existed in 1917 and whether the circumstances indicated that the parties to those transactions intended that the purchaser of the south lot would have an easement over the north lot. *Plastic Laminated Prods., Inc. v. Seppala, supra* at 24, 332 A.2d at 186; *Elliott v. Ferguson, supra* at 28, 177 A.2d 389.

The plaintiff asserts that the language of the court's decree reveals that it based its decision to deny the plaintiff an easement by necessity on factors that are irrelevant to whether such an easement exists. Specifically, the plaintiff asserts that the court reached its decision because it concluded that the defendants presently allow the plaintiff to cross their land, that the plaintiff and his predecessors in title have used the south lot since 1917 without seeking an easement by necessity in court, and that the court lacked the power to grant an easement over the property of Nina Switzer.

The trial court's decree stated that:

> "[T]here is no right-of-way or easement by necessity. In the first instance, it is nearly physically impossible to have an easement over the Patterson property and no such easement has ever existed since the breakup of the Cook property. In view of this the Court finds that there is no implied easement even though the Bradley property does not have immediate access to a public way. In addition, there has been no request for such a right-of-way by necessity since 1917, and the Court finds that the Bradley property has been, in fact, usefully enjoyed by Mr. Bradley and his predecessors in title without the granting of this right-of-way or easement by necessity. . . .
> . . .
> The Court has no power to grant a right-of-way by necessity over the property of adjoining land owners, but the plaintiff has failed to show that his lack of a right-of-way or easement by necessity has caused him any harm."

The plaintiff properly points out that, in the final sentence of the above-quoted decree, the trial court found that the plaintiff had failed to demonstrate any harm resulting from the lack of an easement. The plaintiff asserts that this is an allusion to the fact

that the defendants presently permit the plaintiff to cross their land and that this fact is irrelevant to whether the easement was reasonably necessary in 1917.

■ The plaintiff misreads the court's decree. The statement that the plaintiff had failed to establish any harm resulting from the lack of an easement over the defendants' land was immediately preceded by a sentence indicating that the plaintiff and his predecessors in title had always been able to gain access to their lot by permission of third parties to cross their land. The plaintiff himself conceded that he was able "to get to [his] land by foot by going in from any number of ways." Although the fact that the plaintiff and his predecessors in title have had access to the lot by permission of third parties to cross their land does not automatically preclude the existence of an easement by necessity, *see* 3 R. POWELL, THE LAW OF REAL PROPERTY § 410 at 34-70 (1979), it is relevant to whether the parties to the original transaction contemplated the creation of an easement. That the plaintiff's predecessors in title used any alternative means of acquiring access to the plaintiff's lot, rather than the claimed access over the defendants' lot, is some evidence that the easement did not exist in 1917. It therefore was not error for the court to consider this fact in reaching its decision.

■■ The plaintiff next argues that the court improperly based its decision upon its conclusion that since the division of the Cook farm, the owners of the landlocked property had been able to use their lot without petitioning the court to declare the existence of an easement by necessity. We disagree. The fact that the owners of the landlocked property have used their lot since 1917 without a declaration by the courts that an easement existed is some evidence that the parties to the original transaction did not intend to create an easement. Of course another possible explanation for the lack of court action would be that the owners of the two lots have peacefully coexisted since 1917 and that there was no need for any of the owners to resort to the courts. Weighing the evidence, however, is properly a function of the trial court, and we defer to its judgment. *93 Clearing House, Inc. v. Khoury*, 120 N.H. 346, 350, 415 A.2d 671, 674 (1980).

■ Finally, the plaintiff contends that the court based its decision that no easement existed over the defendants' land primarily upon the fact that the claimed easement crosses onto the land of Nina Switzer. The plaintiff relies upon *Pingree v. McDuffie*, 56 N.H. 306 (1876), for the proposition that the trial court has authority to grant an easement by necessity over the defendants' land

notwithstanding the fact that, for practical purposes, the plaintiff will have to detour over the land of a third party before returning to the defendants' property and continuing to the public way. It is unclear from our reading of *Pingree* whether that case stands for the plaintiff's proposition. Nevertheless, we conclude that the mere fact that the plaintiff may choose to detour over the land of Nina Switzer for a short distance rather than attempt to pass over a mountain on the defendants' land does not in and of itself preclude the existence of an easement by necessity over the defendants' land.

■ But the court's opinion does not state that it denied the easement because the plaintiff would use the land of Switzer in reaching the public way. Rather, the court denied the easement in part because "it is nearly physically impossible to have an easement over the [defendants'] property. . . ." This fact is relevant to whether the parties to the original conveyance of the plaintiff's lot intended that an easement in favor of the plaintiff would exist. It was therefore not error for the trial court to consider this fact in reaching its decision.

We are unpersuaded that the trial court reached its decision based upon irrelevant considerations. Accordingly, the court's determination that the plaintiff has no easement by necessity over the defendants' land is affirmed.

*Affirmed.*

BATCHELDER, J., did not sit; DOUGLAS, J., dissented in part; the others concurred.

DOUGLAS, J., dissenting in part only: Plaintiff contends that the court based its decision that no easement existed over the defendants' land primarily upon the fact that the claimed easement crosses onto the land of a third party. The fact that the plaintiff may have to cross the land of a third person with that person's permission should *not* per se preclude him from claiming a right-of-way by necessity. *Bains v. Parker*, 143 Tex. 57, 61–62, 182 S.W.2d 397, 399 (1944). The trial court's opinion leads me to question whether it relied on that fact as a basis for its decision. If it did, then it erred. I would remand for clarification.