Strafford
No. 88-329

GEORGE BLAISDELL AND ALBERT BLAISDELL

v.

ARTHUR S. RAAB AND RITA RAAB

March 8, 1990

*Michael J. Carroll*, of Portsmouth, by brief and orally, for the plaintiffs.

*Coolidge Professional Association*, of Somersworth (*Ronald P. Indorf* on the brief and orally), for the defendants.

THAYER, J. The plaintiffs, George and Albert Blaisdell, appeal a decision of the Superior Court (*Perkins*, J.) that they are not entitled to an easement by implication, and that the defendants, Arthur and Rita Raab, granted them merely a revocable license to use the roadway across the defendants' land to reach adjacent property owned by the plaintiffs. For the reasons that follow, we affirm.

The defendants were the owners of a large parcel of land located on Portland Street in Rochester. In 1977, the defendants subdivided their property into two separate parcels: a 34,680-square-foot lot with frontage on Portland Street ("Lot 1"), and an approximately thirty-five acre lot with frontage on three city streets ("the back land"). A five or six-hundred-foot roadway, passing through Lot 1, provided further access into the back land. In April, 1979, George Blaisdell began negotiations with the defendants on behalf of

himself and his parents for the purchase of the back land. After a few meetings, the parties agreed to a purchase price of $55,000, which was due by December 31, 1979. Mr. Blaisdell testified that during their discussions, the defendants orally agreed to grant the Blaisdell family a lifetime use of the roadway across Lot 1. He claimed that this agreement was reduced to writing, but was unable to produce a copy of the agreement at trial.

The plaintiffs began making payments toward the purchase of the back land on June 20, 1979. There is conflicting testimony concerning when the final payment was made, but the trial court found that the Blaisdells made their final payment on December 31, 1979. There is also conflicting testimony regarding the date on which the defendants gave the warranty deed to the plaintiffs. The plaintiffs alleged that the deed, dated December 14, 1979, was delivered on December 14; the defendants claimed that the deed was delivered on December 31; and the trial court found that the deed was given on December 31, 1979.

Contrary to Mr. Blaisdell's representations concerning the defendants' grant of a lifetime use of the roadway, Mrs. Raab testified that she and her husband never had any intention of granting the plaintiffs a lifetime use, and would not have sold the back land to the plaintiffs had they known that the Blaisdells wanted such a use. Instead, Mrs. Raab testified that when Mr. Blaisdell informed the defendants during their initial negotiations of the plaintiffs' desire to use the roadway to get to the back land, the Raabs told him that they thought it would be all right, but that they would have to contact their lawyer first. Thereafter, the defendants' lawyer drafted a document entitled "License to Use Driveway," in which Mr. and Mrs. Raab granted "to George Blaisdell and the members of his immediate family a *revocable license* to use a driveway for purposes of ingress to and egress from" the back land, "which is situate on a lot of land shown as Lot No. 1. ..." (Emphasis added.) Although Mr. Blaisdell denied having seen this document prior to May, 1985, Mrs. Raab testified that she and her husband showed him the initial draft of the license sometime during July, 1979. Mrs. Raab further testified that she and her husband presented the plaintiffs with an executed copy of the License to Use Driveway on December 31, 1979, the same day the plaintiffs made their final payment and the deed was delivered, according to the trial court's finding.

The plaintiffs used the roadway across Lot 1 to reach their property without incident from June, 1979 until May, 1985, when the defendants informed Mr. Blaisdell that they were going to

revoke the license. On May 7, 1985, Mr. and Mrs. Raab presented the Blaisdells with an executed document entitled "License to Use Driveway Revoked," which terminated the plaintiffs' right to use the roadway across Lot 1. Disputing the defendants' right to terminate their use, the plaintiffs continued to drive across Lot 1 until the middle of July, 1985, when the defendants posted "No Trespassing" signs and placed a wire across the entrance to the driveway. The plaintiffs' lawsuit followed.

By writ of summons dated October 31, 1985, the plaintiffs filed pleadings in which they requested equitable relief in addition to legal relief that is not pertinent to this appeal. Specifically, the plaintiffs requested that the court find that they were entitled to a lifetime use of the driveway pursuant to an agreement between the parties. The defendants duly filed their appearance through counsel in November, 1985. On November 25, 1985, the defendants filed a motion to dismiss on the ground that the plaintiffs had failed as a matter of law to plead a claim upon which relief could be granted. After a hearing, the Trial Court (*Nadeau*, J.) denied the defendants' motion on May 22, 1986, but ordered the plaintiffs to set forth a bill of particulars within thirty days. The plaintiffs filed a bill of particulars on or about June 23, 1986, to which the defendants filed no objection, denial, or demurrer. On October 1, 1986, the defendants filed a second motion to dismiss, this time alleging that the plaintiffs were improperly seeking equitable relief. Rather than ruling on the defendants' second motion, the trial court severed the issues contained in the plaintiffs' writ and bill of particulars, ordering separate trials for the equitable and legal issues. From October, 1986, through March, 1988, the parties engaged in discovery.

Immediately prior to trial, on March 23, 1988, the plaintiffs requested the court to enter a judgment *pro confesso* in their favor based on the defendants' failure to file an answer to the bill of particulars as required by the Superior Court Rules. The defendants responded that they did not file a specific response to the bill because the suit had been framed as an action at law, requiring only the filing of a general appearance. After determining that the plaintiffs were not claiming surprise to the defenses that the defendants might raise during trial, the trial court denied the plaintiffs' motion. Following a trial on the merits, the lower court ruled that the plaintiffs were not entitled to an easement by implication or an easement by necessity. Additionally, the court concluded that based on the evidence presented during trial, the defendants granted the plaintiffs nothing more than a revocable

license to use the driveway, so that "the defendants' exercise of their right to revoke the license terminates any rights the plaintiffs may have had to use the driveway."

The first argument the plaintiffs make on appeal is that the trial court erred in not granting them a judgment *pro confesso* based on the defendants' failure to file a written response to their bill of particulars. According to the plaintiffs, "Superior Court Rules 131, 132 and 133 require the defendants to specifically address, by way of answer, denial, or demurr [sic], the allegations and facts contained in plaintiffs' Bill of Particulars or have the allegations and facts deemed admitted...." The rules upon which the plaintiffs rely state as follows:

> "131. If the defendant, having been duly notified, shall neglect to enter his appearance on the return day, or shall neglect to file and deliver to the plaintiff's attorney his plea, answer or demurrer within the time prescribed in the order, the bill shall be taken pro confesso, and a decree entered accordingly.
>
> . . .
>
> 133. The defendant, in answering the allegations in the bill, libel or petition shall not do so evasively but shall answer fully and specifically every material allegation in the bill, libel or petition and set out his defense to each claim asserted by the bill, libel or petition. ...
>
> All facts well alleged in the bill, libel or petition and not denied or explained in the answer, will be held to be admitted."

SUPER. CT. RS. 131, 133. A writ differs from a bill or petition in that a party files a writ to initiate an action at law, whereas a party files a bill or petition to initiate an action in equity. *See* R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 214, at 157 (1984). Under New Hampshire practice, a defendant does not file an answer in response to a writ. Instead, if the defendant disputes some or all of the facts on which the plaintiff's action is based, the defendant need only file a general appearance. *See* SUPER. CT. R. 131; R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 282, at 192–93 (1984). In equitable proceedings and other actions not begun by writ, however, it is necessary for a defendant to file an answer admitting or denying the allegations contained in the plaintiff's bill.

SUPER. CT. R. 133; R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 282, at 193 (1984).

■ When a plaintiff initiates an equitable action, orders of notice are sent to the defendant, notifying the defendant that an answer must be filed admitting or denying each allegation contained in the plaintiff's bill. SUPER. CT. RS. 124, 127. If the defendant fails to file an answer, the "bill shall be taken *pro confesso*, and a decree entered accordingly." SUPER. CT. R. 131. In the absence of any evidence that the trial court notified the Raabs that the plaintiffs had filed an action in equity and that the defendants were required to submit an answer, we cannot rule that an answer was required in the context of this case and that as a result the trial court erred in failing to enter a decree *pro confesso*. The plaintiffs urge this court by implication to find that by filing a bill of particulars, they transformed their suit from an action at law into an action in equity, which required the defendant to file an answer. However, we are aware of no such rule, and the plaintiffs refer us to no authority stating that bills of particular are endemic to equitable actions and do not apply to legal actions. Accordingly, we hold that the defendants were not required as a matter of procedure to file an answer in response to the plaintiffs' bill of particulars, and that the trial court did not err in denying the plaintiffs' motion for a judgment *pro confesso*.

■ The second argument the plaintiffs make on appeal is that the trial court erred in failing to find that they were entitled to an easement by implication. The rule concerning easements by implication is that an easement is presumed to exist if "during unity of title the owner imposes an apparently permanent and obvious servitude on one tenement in favor of another, which at the time of severance of title is in use and is reasonably necessary for the fair enjoyment of the tenement to which such use is beneficial... ." *Hayes v. Moreau*, 104 N.H. 124, 126, 180 A.2d 438, 439 (1962); *Elliott v. Ferguson*, 104 N.H. 25, 28, 177 A.2d 387, 389 (1962). However, since this doctrine is based on the theory of an implied grant, the circumstances surrounding the conveyance control. *Id.*; *Bean v. Dow*, 84 N.H. 464, 467, 152 A. 609, 611 (1930); *accord Bradley v. Patterson*, 121 N.H. 802, 803-04, 435 A.2d 129, 131 (1981). The question is whether or not "the parties could reasonably have thought that the right was not granted." *Bean v. Dow*, 84 N.H. at 469, 152 A. at 612. The law is well settled that an easement by implication will not be found merely because it would be convenient to have the grant. *Morton v. State*, 104 N.H.

134, 141, 181 A.2d 831, 836 (1962); *Bean v. Dow,* 84 N.H. at 469, 152 A. at 612. An easement by implication arises only because the parties so agreed. *Hayes v. Moreau,* 104 N.H. at 126, 180 A.2d at 439; *Bean v. Dow,* 84 N.H. at 469, 152 A. at 612; *see Locke Lake Colony Assoc. v. Town of Barnstead,* 126 N.H. 136, 139, 489 A.2d 120, 122 (1985) (parties' intent determines whether interest in land is easement or license).

The plaintiffs argue that the roadway across Lot 1 provided the exclusive access to the back land and was reasonably necessary for its beneficial use. They claim that the defendants granted them the right to use the roadway during the summer of 1979, and that "severance of title occurred in June of 1979 when the defendants effectively sold the property to the plaintiffs." The plaintiffs are essentially arguing that the easement began in June, when they began to use the back land. The record shows, however, that the Raabs granted the Blaisdells nothing more than a revocable license to use the driveway, which was revoked on May 7, 1985. Although Mr. Blaisdell denied having seen or heard anything regarding a revocable license prior to May, 1985, Mrs. Raab testified that she and her husband showed a draft of the license to Mr. Blaisdell during the summer of 1979 and presented him with an executed copy of the license when they closed on the property December 31, 1979. During trial, the defendants produced both the "License to Use Driveway" and the "License to Use Driveway Revoked." Furthermore, although the plaintiffs argue that severance of title occurred in June, 1979, the record indicates that the plaintiffs did not make the final payment for the property and the deed was not delivered until December, 1979.

After reviewing the evidence and testimony presented, the trial court found that the plaintiffs were not entitled to an easement by implication. The issue whether or not there was an implied easement was a question of fact for the trial court, and we will not disturb its finding if a reasonable person could have reached the same conclusion based on the evidence presented. *See Regan v. Perini Power Constructors, Inc.,* 126 N.H. 171, 173, 489 A.2d 137, 138 (1985); *State v. Chaisson,* 123 N.H. 17, 27–28, 458 A.2d 95, 101, (1983). Based on the evidence presented during trial, we hold that a reasonable person could have found that the plaintiffs were not entitled to an easement by implication.

In addition to their argument above, the plaintiffs claim they possess an easement by implication pursuant to RSA 477:26. This statute provides:

"In a conveyance of real estate or any interest therein, all rights, easements, privileges and appurtenances belonging to the granted estate or interest shall be deemed to be included in the conveyance, unless the contrary shall be stated in the deed, and it shall be unnecessary in order for their inclusion to enumerate or mention them either generally or specifically."

RSA 477:26. Under this statute, an easement must already belong to the granted estate prior to the conveyance for the easement to pass to the purchaser. The back land and Lot 1 together formed a single parcel of land until 1977, when the Raabs separated their property into two plots. According to the law of easements, a landowner cannot have an easement over his or her own property independent from the ownership of it. *Hayes v. Moreau*, 104 N.H. at 125, 180 A.2d at 439; *cf.* 25 AM. JUR. 2d *Easements and Licenses* § 24 (1966) (implied easement can only be created at time of conveyance). While the plaintiffs contend that an easement over Lot 1 attached in June, 1979, and was existing in December when the deed was delivered, the record indicates that they had nothing more than a revocable license to use the driveway. Hence, there was no easement attached to the back land that passed to the plaintiffs upon their purchase of the property in 1979. For these reasons, the plaintiffs' reliance on RSA 477:26 is inapposite to prove they are entitled to an easement by implication.

Accordingly, we affirm the trial court's decision and hold that the plaintiffs do not possess an easement by implication over Lot 1.

*Affirmed.*

All concurred.